IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

ANTHONY L. COOPER,
       Plaintiff,

vs.                                             Case No. 4:07cv522/SPM/MD

GOVERNOR CHARLIE CRIST, et al.,
       Defendants.

_____

**REPORT AND RECOMMENDATION**

Plaintiff, an inmate of the Florida penal system proceeding *pro se*, commenced this action on December 7, 2007 by filing a pleading entitled "Petition for Emergency Mandamus Relief." (Doc. 1). At the time he filed the petition, plaintiff neither paid the filing fee nor applied for leave to proceed *in forma pauperis*. Accordingly, on December 18, 2007 the court issued an order requiring plaintiff to either pay the $350.00 filing fee or file a complete application to proceed *in forma pauperis*, within thirty days. After submitting various motions and several deficient documents, plaintiff has now filed a motion to proceed *in forma pauperis*, (doc. 19); a motion for leave to file an amended complaint (doc. 18); a motion for injunction (doc. 20); and a motion to vacate or set aside any order of dismissal of this case (doc. 21). For the reasons that follow, the undersigned concludes that all motions should be denied, and that this case should be dismissed without prejudice.

Upon review of the "Petition for Emergency Mandamus Relief," it appears that plaintiff complains of matters relating to the conditions of confinement at Florida State Prison: (1) that the Florida Department of Corrections ("DOC") has hired all white male employees and allowed them to discriminate against black inmates; (2)

that the DOC has allowed its white male employees to sexually harass and assault female DOC employees; (3) that certain corrections officers have refused to provide plaintiff with paper, envelopes, pens, copies and "writ room callouts;" and (4) that plaintiff has overhead other inmates' plans for escape, assaults on other inmates, and various other nefarious deeds. (Doc. 1). Based on the foregoing, plaintiff's allegations should have been presented to the court as a civil rights complaint under 42 U.S.C. § 1983, and his petition is construed as such. Further, because plaintiff did not pay the filing fee at the time he submitted this civil rights action, and because it plainly appears that plaintiff is not entitled to proceed *in forma pauperis*, this case should be dismissed.

The *in forma pauperis* statute provides:

> In no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Plaintiff is well aware of this section as evidenced by this Court's recognition of plaintiff's status as a "three striker" in *Cooper v. Bush*, Case Number 4:00cv356/WS/WCS;[1] *Cooper v. Branker*, Case Number 4:04cv59/WS/WCS;[2] *Cooper v. McDonough*, Case Number 4:07cv213/MP/WCS;[3] and *Cooper v. Crist*, Case Number 3:07cv329/MCR/MD.[4] As set forth in the Report and Recommendation in Case Number 4:04cv59, plaintiff has had three or more prior prisoner actions dismissed on the grounds that they were frivolous, malicious or failed to state a

---

[1] *See* Docs. 10, 18 and 19 in that case.

[2] *See* Docs. 4 and 5 in that case.

[3] *See* Doc. 3 in that case.

[4] *See* Doc. 3 in that case.

claim upon which relief may be granted, namely: Case Number 3:00cv135 (dismissed as malicious), Case Number 3:00cv51 (dismissed as malicious), Case Number 4:98cv197 (dismissed as frivolous), and Case number 3:00cv89 (dismissed as malicious for abuse of the judicial process). Plaintiff was incarcerated at the time he filed these cases.[5]

Thus, by the time plaintiff brought the instant action, he knew that he had three strikes and could not proceed *in forma pauperis*. Plaintiff's allegations in the instant complaint do not entitle him to avoid the bar of § 1915(g), as they do not suggest he was under imminent danger of serious physical injury at the time he initiated this proceeding. *See Medberry v. Butler*, 185 F.3d 1189 (11th Cir. 1999) (holding that in order to come within the imminent danger exception to the three strikes rule, a prisoner must be in imminent danger at the time he files suit in district court). Allowing amendment of the complaint would be futile, as no amendment filed at this juncture can overcome the fact that three months ago when plaintiff filed this suit, there was nothing in the complaint/petition that might properly be construed as constituting an allegation that the challenged conditions posed an imminent or ongoing danger of serious physical injury to plaintiff. If plaintiff wishes to proceed with the claims he raises in this suit, he must file a new complaint accompanied by the full $350.00 filing fee.

Because plaintiff did not pay the filing fee at the time he submitted this civil rights action, and because it plainly appears that plaintiff is not entitled to proceed *in forma pauperis*, this case must be dismissed under § 1915(g). *Dupree v. Palmer*, 284 F.3d 1234 (11th Cir. 2002) (holding that "the proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the provisions of § 1915(g)" because the prisoner "must pay the filing fee at the time he *initiates* the suit.").

---

[5]These cases may be positively identified as having been filed by plaintiff because they bear his DOC (Department of Corrections) number: 277778.

*Case No: 4:07cv522/SPM/MD*

*Page 4 of  4*

**Accordingly, it is respectfully RECOMMENDED:**

**1.  That all pending motions (docs. 18-21) be DENIED.**

**2.  That this case be DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1915(g).**

**3.  That the clerk be directed to close the file.**

**At Pensacola, Florida this 26th day of March, 2008.**

/s/ *Miles Davis*
**MILES DAVIS
UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy hereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of any objections shall be served upon any other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636;** ***United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).**